For argument this morning is 16-1, this afternoon is 16-1349, Skedco v. Strategic Operations. You ready? Mr. Park. Thank you, Your Honor. Good afternoon, Your Honors. May it please the Court. I'm Brian Park of Stolar Reeves here on behalf of the Plaintiff Appellant Skedco, with me is my partner Nathan Burnett. All the issues presented in this appeal turn on two key claim constructions, one regarding the valve, the other regarding the controller connected to the valve and the pump. Both of those issues are governed by the well-settled law of the circuit dictating how claim terms are to be construed and what the proper scope and meaning to be given them is. And what you're seeking here is you're not seeking summary judgment, you're just saying vacate the factual disputes if your construction prevails? At a minimum, that's correct, Your Honor. There should be a reversal and remand, but there is ample basis in the record for summary judgment of infringement on behalf of the plaintiff. On the issue of the valve, everyone here agrees that there is a valve inside the pump. The question is whether that valve is somehow disqualified from being a valve because of where it's located. The law of the circuit on claim terms... On the accused device. On the accused device, that's correct. All four versions, versions A, B, C, and D. The law of the circuit on that point is elegant and clear. Claim terms are to be given their full breadth of the plain ordinary meaning unless one of the narrow exceptions applies. One is where the patentee has served as his or her own lexicographer. Another where there's been an expressive disavowal or disclaimer of claim scope, for example, in response to an office action. And the third is where the claim construction would render, or a certain claim construction would render the invention as claimed inoperable, in which case, as a matter of technology, it's nonsensical and So when we look at your patent, right, we see figures and we see the valve and we see the pump and we see the valve as something that's separate from the pump, right? Yes, Your Honor, in the embodiment sense, correct. So why is it that we can also think of the claimed valve and the claimed pump as being, having one located inside the other? Or, go ahead, I'd like to hear your comment on that. Yes, Your Honor. So the way the intrinsic evidence is written, the prosecution history and the specification, even though there is no express exemplary embodiment saying, yes, the valve can be co-housed or integral with the pump inside the pump, the law states that the full breadth of the plain ordinary meaning of valve and pump, technologies that are well understood by those of ordinary skill, includes any configuration, unless, of course, there is some disclaimer or disavowal. For you to win, does the valve inside the accused product's pump have to operate independently of the pump in the sense that the pump doesn't need the valve inside of it? In this case, Your Honor, we don't believe that that has to be the case. Because in your view, the valve inside the accused product's pump can sort of serve double duty in the sense that it can meet the claim limitation of a valve while at the same time be one component of the claimed pump at the same time. That's one element of our position, Your Honor. The other element is that, in fact, based on the expert analysis and reports of the plaintiff's expert, Dr. Stevick, in fact, the valve and the pump operate independently, that if the valve components that are co-housed with the pump are removed, as he did in his experimentation set forth in his expert reports, the pump still pumps. The citations to the joint appendix on that point are 3306 to 11 and 3331 to 37. So under either of those scenarios, we would prevail. And the valve in your patent, what is that valve's function? What is it serving? And then what is the valve in the accused product's pump function? What function is it serving? The functions are the same, to transfer fluid through the various fluid passageways, in fluid communication with the pump. One of the valves isn't, I thought the accused product, the valve inside that pump, was for preventing backflow? No? There are valves that do prevent backflow, but the claim language is the valve in fluid communication with the pump. Preventing backflow is one way that the valve and the pump can be in fluid communication with each other. And that goes to the point of the valves that are co-housed internally within the pump housing. As set forth in our briefs, there are also other adjustable valves in each of the four versions of the accused products that satisfy the function of the valve that are also connected and in fluid communication with the pump. The question your honor raises regarding the overlapping function and structure is similar to the decisions of this court in the PAPS digital camera case from 2015 and the Rexnord versus Latrim case in 2001. In both of those cases, the issue was whether two separately claimed structures, in one case interface device and data transmit receive device, in Rexnord it was link module portion and cantilevered portion, required separate structures in order to be satisfied. The law of this circuit is that the use of different claim terms connotes different meanings, not necessarily different structures. So in each of those cases, PAPS and Rexnord, the court held that even though there were two separate claim terms, yes, in fact, they could be satisfied by one integral structure. But there is, I mean, it's hard for me to think of coming up with legal doctrines from cases that are very specific as to what the claim language says, what the device we're talking about is, what the specification says. It seems to me each of them, probably including Becton, kind of can be differentiated from each other. But I'm not seeing a clear rule other than that. That's a good point, Your Honor, and you're exactly right. Because the clear rule is that the intrinsic evidence is supreme, each case is specific based on what the intrinsic evidence in that case says. So in the Becton case, for example, Your Honor, that you raised, in that case it was determined that the two separate claim terms could not be satisfied by one integral structure because to do so based on the specification in that patent, in that case, it would render the invention inoperable and inconsistent with technological concepts taught by the patentee. That's not the case here with a valve and a pump any more than it was in PAPS or Rexnord. Well, I was going to ask you, we're dealing here with claims 18, 19, and 20, and I think the, correct me if I'm wrong, but I think the focus of the appeal here is on the third and fourth limitations of 18, at least one valve and fluid communication with said pump, which I think you've been discussing. And then a controller connected to said pump and said at least one valve. Those seem to be the limitations that are discussed. Those are structural limitations. I mean, you're talking about where something is placed in relation to something else, correct? They are structural limitations. Do we have to worry about how these things operate at all since, I mean, as I read this claim and in particular the limitations that we're just discussing, everything is just where is something physically located? Does operability come into play? It does, Your Honor, because there are other terms, there's other language in the claims that keys those separate structures or separate claim terms together in terms of whether they're integral, co-housed, or separate. For example, the term in-fluid communication.  The term connected to determines how the controller interacts directly or indirectly with the pump and the valve. So to Your Honor's question, yes, the court should be concerned with the structural definition of each of those claim terms and whether they're required to be integral, separate, overlapping, co-housed, however you want to describe it. But there is another layer to it beyond just the structure. On the connected to issue you raised, Your Honor, the term- That's the fourth limitation. This is the fourth limitation. And Your Honor is correct that it's element number three and number four. The term connected to describes an operative interaction. In the Primatech case from 2003, this court held that varied use of a disputed claim term in a written description demonstrates the breadth of the term rather than a limited definition. Here, not only is there no disclaimer or disavowal or special definition given in the specification or the prosecution history to the term connected to, rather, quite to the contrary, the specification is chock-full of examples of direct connections and indirect connections between all sorts of invention components. Where did the district court then come up with this? That's a good question, Your Honor. We don't know. Just as with the valve-pump limitation when the district court began with a presumption that separate claim terms require separate structures, which really is turning the law on its head. It's the other way around. In terms of connected to, the district court added the four additional limitations, which are not found in the specification, certainly not as being required. Quite to the contrary, the specification talks about, and this is Appendix 112.113 from the patent, talks about the controller, the pump, the valve, the reservoir, the conduit, being able to be mixed and matched, connected directly, connected indirectly with intervening structure. So on the issue of connected to, there is a very ample predicate, ample basis in the intrinsic evidence for the broad, the full breadth of the claim in ordinary meaning. So if we hypothetically were to conclude connected to, as that term is used in the claim, doesn't have to be directly connected to. It could be indirect. Is that enough, or do we have to go further in terms of doing a further construction of the term connected to? That would be enough, Your Honor. Because I know there was more about independent or physical versus wireless. To what degree do we have to go into all those details? If the court were to confirm that either an indirect or a direct connection satisfied the claim limitations, that would be enough. In fact, even if this court affirmed the markman phase construction of the district court for connected to of being joined, united, or linked to, that would be enough for summary judgment on that claim term. When the... So you don't have any problem with what you just said. That was the original construction, joined, united, or linked to, correct? That was from the markman phase. And do the parties dispute that construction? The plaintiff appellant does, Your Honor. As we argued at the markman phase, we believe the specification in the prosecution history teach an indirect or direct interaction. That interaction is the key, not attachment or fixation. But nevertheless... So connection... So what it is, is conjoined and linked to, can it be direct and indirect? Yes, Your Honor, but it's not just a direct or indirect physical attachment. The way the patent term is used in the specification, it's an operative interaction, not being duct taped together as we describe in the grades. What about indirect or direct connection? Connected to can be a direct connection, it can also be an indirect connection in the case that you have to go through some other component in order to activate that downstream component. And so therefore, it could be fairly understood to be an indirect connection. Is that enough to resolve the debate here? Yes, Your Honor, that would be enough to... Because the interaction term that you were just mentioning is a little more vague and seems to potentially be migrating away from the notion of connection. Well, the specification describes the function of the controller in the example of a check valve as operating the valve by adjusting the fluid pressure by means of acting on the pump. But to go to Your Honor's question, yes, if the court decided that indirect connection in a physical sense is all that the claim term required and that that was the proper construction, then that would suffice for a summary judgment for the plaintiff. Well, you keep saying that, but I thought we had a discussion a few minutes ago talking about whether we're here really appropriately to grant summary judgment to the plaintiff or to simply say there was insufficient grounds for summary judgment for the defendant. It's both, Your Honor. That depending on... Well, there's a big difference because that would mean that at least the district court in the first instance gets to decide whether there remains a factual dispute, whether we No. Your Honor is correct. There is a big difference. In this instance, on this record, as set forth in the appendix, if the court, for example, were to adopt all of the plaintiff's suggested claim constructions or on the issue of connected to even the markman phase construction of the district court on connected to, then there would be ample support in the record for summary judgment. At a minimum, though, and this is why I say it's both, at a minimum, there would have to be a remand to determine, for example, under the doctrine of equivalence of whether there's a fact issue. Okay. Can I hear your articulation of the connected to construction? What is your preferred construction of connected to? Connected to refers to being directly or indirectly interacting, to interact with in an operative sense, not to be physically necessarily touching, not necessarily, to use Your Honor's concept, in the sense of a boat is attached to a dock through a rope. That would be an indirect physical attachment. What's important in this case, on this record with this patent, is how the functions, to go to Judge Schall's point about functionality, how the functions are accomplished, not just what's touching and what's not touching, but how the fluid is moved through the system to replicate the purpose of the invention. Your Honor, as I see, I'm out of time. We'll restore two minutes. Why don't we hear from the other side? Thank you, Your Honor. Thank you. Good afternoon, Your Honor. It's my pleasure to support Garry Eastman and my associate, Kenny Wenner. representing Strategic Operations in this matter. Strategic Operations' blood pump system is not rocket science. Just for reference, Strategic Operations throughout this case has been referred to as STOPS, and I will maintain that consistency here. The accused's device is an IV-type bag filled with fake blood, a pump that pumps that fake blood to fake wounds when the controller is on. And the person of ordinary skill in the art, as suggested by plaintiff, is a high school graduate with a bit of medical training, no specific familiarity with pumps, valves, or controllers. That's really key here. Can I just ask you, were there counterclaims of invalidity? There were not, Your Honor. There were not. There were affirmative defenses? There were affirmative defenses. Yes, and that was rendered moot based upon the summary judgment finding. Which one do you want to talk about first? Connected to or the valve and the pump and fluid communication? I think I would like to focus first on, there are two hurdles. Like my colleague said, they must convince the court that the pump and the valve, as claimed, can be construed to be the same device. And second, that it must be connected to via an indirect connection. So I'd like to take the first one, which is the pump and the valve can be claimed as to embrace only a pump device that includes a valve, integrated. Failure of either one of these tasks renders their appeal futile and must affirm the underlying case. But let's focus first on the integrated device. This court has clearly established a hierarchy for examining cases just like this. And while there have been presumptions of this word thrown around and presumptions of that thrown around, it's not what's at issue here. What's at issue here is a very close read of the claims. The claims at issue. And claim 18 that's asserted has got to be given its ordinary meaning Why can't the valve be inside the pump? Because there's no valve inside the pump. It's a pump. It's a pump device. Is there a valve inside the pump? There are many components within that pump. Is one of the components a valve? Yes. I think we agree on that. Yes, it's a component inside that functions in the valve. It does not, or functions in the pump. So why can't that valve meet the claim limitation for the valve? Because the claim itself requires that they're separate. How do we know that, though? I mean, we have cases like the Powell v. Home Depot case where there was a box and there were two claim limitations, cutting box and collection structure. And we affirmed a jury verdict finding that that accused product's box met both limitations. So under that line of reasoning, why couldn't that also potentially be applicable here, or at least at a minimum, raise a factual question for a jury or a district court to decide as a factual matter? Well, Your Honor, you dialed into that issue earlier in your questions. And when you're looking for a device to do double duty, as was mentioned, you have to focus on the claim itself. And the claim itself calls out two specific devices. It's like in Powell. That's right. There were two specific devices. I agree with you. And Powell, on the other hand, included specific teachings in the specification that integrated those two devices in one. And it specifically states with particularity that it is fully envisioned in this invention that the cutting box and the dust collector can be the same thing. Well, if the claim language is broad enough to allow it, then even in the absence of a teaching in the specification, our case law is we construe it broadly in the absence of a disclaimer. It's not the opposite, which seems to be the theory you're suggesting. No, not at all, Your Honor. What I'm suggesting is the claim itself controls, unless there's an exception. I'm not suggesting that we're going to construe it any one way or the other, except as the claim itself demands. And the claim here calls out two separate devices. But what's more illustrative of the connection and the various components is the way those are connected together. And I'll give you a specific example. You know, their expert takes apart the pump and says, well, this is a valve component, but that renders the pump inoperable. That's one of the features in the cases cited, is that they both have to be operable. I thought there was some evidence on the other side suggesting that this particular pump could still operate without the valve inside it. It might not operate as well, but it's still operable. At least, I know you want to say that's not true, but we're not here to decide that factually. I agree with you, Your Honor. There is information in the record that shows that the function of the pump, while impaired, still manages to move fluid. And aren't we also cabined in by the claim constructions for the terms pump and valve? So really we have to look at, well, if valve is construed as a device that regulates, directs, or adjusts the flow of fluid, and a pump is construed as a device that moves or transfers fluid by mechanical action, then maybe that's what we need to look at and use and apply in trying to figure out whether the valve inside the pump, the device that regulates, directs, or adjusts the flow of fluid, is in fluid communication with something that is a device that moves or transfers fluid by mechanical action. And I agree with you, Your Honor. That is precisely the process. And I present to you that the district court did exactly that. They took those basic claim construction terms. Well, I think the concern is that the district court appeared to say, just as a matter of law, you can't have the claimed valve inside the claimed pump, full stop. I don't think that was the extent of his argument. His argument was fairly well reasoned and set forth in appendix at page 21, where he's talking about the interconnectivities between the pump and the controller, the valve and the controller, and the pump and the valve. And the pump and the valve requires a hydraulic or a fluid communication. The controllers were... Was there something at 821 you want to point us to specifically? Well, I mean, the specific focus by the district court is if the claim allowed for an indirect connection between the valve... Near the top of 821, right? Yes. It would have expressly required that a controller be connected to the valve. But because the connection between the pump and valve was already claimed in fluid communication with language in element 3, there was no need to claim a second connection. But they did, which necessarily defines that it's a separate device. Simply put, nothing in this claim language gives rise to an inference that the pump and the valve can be integrated. The mandatory language of the claim, where they are specifically connected, a controller connected to said pump and said at least one valve, and the at least one valve in fluid communication with pump, dictates that they're separate devices. Because otherwise it would, as he said, be nonsensical. We can rely on this claim language and then look to the specification to see if it's been modified. But it wasn't. Not a single instance in the specification says the pump and the valve can be integrated. In fact, the pump and valve are specifically different. In fact, the valves that are specifically discussed throughout the specification, some are automatic, such as a check valve. Some are manual, such as the twisty valves at the end of the fluid lines. And others are controlled by a controller, such as a solenoid. A check valve, by its very nature, is not controllable by a controller. It's passive. It only allows fluid to go in one way. So the requirement that it's connected to the controller if you adopt the internal valve approach to the separateness versus integrated renders that inoperable. I'd like to move on to the second point, which is the construction of connected to. The joined, united, or linked to. Excuse me. I guess the district court, we were discussing this with Mr. Park. The district court construed connected to as joined, united, or linked to. I assume that, and please tell me if I'm wrong, both sides agree that there was no problem with that construction. That's right, Your Honor. OK. That was an agreement. And then the issue seems to be whether there was error in going beyond that. And I guess I would look to page 21 of the joint appendix where it says, the fact that element four requires a connection between the controller activation mechanism and the valve as well as between the controller activation mechanism and the pump establishes requirement of independent direct connection. That seems to be where the issue is between the parties. Am I right or wrong on that? I think that is one of the issues that SCADCO has taken issue with. But if you focus on the claim language itself, it is an indirect connection already exists between the pump and the valve, and that's through the fluid communication. So if they really intended an indirect link, then there's no need for the direct link between the controller and the valve or the controller and the pump, because that indirect connection is already there. Does that answer your question, Your Honor? I'm not sure. I'll have to think about it. All right. I'll let you know maybe later. Thank you. The second point is the connected to language. Now, connected to, keep in mind the person of ordinary skill in the art, they're not sophisticated. High school education, a little medical training. Well, what's important here is the presented or suggested construction by SCADCO of the pump interacts directly or indirectly. So that would be the phrase. It interacts directly or indirectly instead of connected to, which was previously construed as join united or link to. That is absolutely inconsistent with all other claims in this application. And we don't need to look any further than claim 19. What about the figures? There's figures that seem to show some kind of intervening component between the controller and the valve. Right. There are. And in each case where they say it is connected indirectly to, they further emphasize that in the specification with a via, a conduit, or via this. They further define that. So they don't just generalize indirectly. But more importantly, the claim language requires it. You're saying that when they filed these claims, they only covered some of their embodiments and not all of their embodiments. Exactly right, Your Honor. And I'll refer you, ever so briefly, to the footnote 9 of SCADCO's reply where it says that it recently obtained claims to a valveless system. They didn't do that here. They claimed a valve system. Right. But there's other places in the spec that uses the phrase directly connected to to at least give some indicia that the patent owner's specification understands that connected to maybe is a broader concept. And when the inventor really wants to make it clear that there is a very direct connection, he knows how to say that by using the phrase directly connected to. I think that the district court's impression and Markman decision of join United or link to adequately covers those. Because it doesn't always require a specific direct connection. Linked to could be an indirect link. But it has to be an operable link. And that's what's missing here. There's not a single thing the controller can do to control the valve within that pump. It's a passive device. They could control the controller all day long and that valve is going to do what the pressure flow dictates, not what the controller does. I'm running a few minutes down. So I just want to focus on the fact that if we take the proposed claim construction from Skedco and we insert that into claim 19, you can see exactly how nonsensical it is. And I'll just quote a couple of them because I think you'll get the point. Looking at claim 19, which depends from claim 18 and which is asserted in this case, says claim 19 wherein said at least one wound site. Now I'm going to insert Skedco's proposed construction. A first wound site conduit interacts indirectly with said valve. A first wound site interacts indirectly with said first wound site conduit. Because if you say it's directly or indirectly, you have to assume that it's one or the other. You can't just randomly pick. You need to give under section 112 clarity as to what you claim the invention is. That's not the case here. So Skedco is attempting to eliminate the requirement of a controllable valve by making the direct versus indirect suggestion. The district court got it right. Join united or link to covers the embodiments claimed here based upon his scrutiny of claim 18 itself. It dictates those control connections. But there's simply no operable connection between the controller, which is an activation mechanism, and the valve inside the pump. But on a number of occasions, they try to fill their... Does there have to be? Pardon? Does there have to be? It just says connected to. I suggest it does. Because it has to be an operable connection. It's an activation mechanism. What purpose is a connection if it's not an activation? It's a method of activating. I did want to just point out one quick second, the twisty valves. Skedco attempts a number of times to claw back their missing valve by suggesting that the manual twisty valves at the end are in some way connected back to the controller, and that satisfies the claim element. The controller can do whatever it wants, but unless somebody manually goes and adjusts that valve to let fluid go through that line, there's nothing going through that line. Thank you. Thank you. Mr. Parker, you have two minutes. Thank you, Your Honor. On the concept of this double duty regarding whether two co-house structures, the valve and the pump, can satisfy two claim elements, the issue of the Home Depot case has come up. And counsel has pointed out that in the Home Depot, yes, in the specification, there was some discussion about that integral structure. The PAPS and Rexnord cases that I mentioned earlier have no such teaching. And the law of the circuit is that even if there's only a single embodiment in the specification that doesn't disclose the urged claim construction, it's not limiting, again, unless there's an express word of manifest disclaimer or disavowal. On the summary judgment order, page 21, that counsel mentioned regarding the judge's analysis, there's a notice function to patent claims. In this instance, the valve and the pump could be separate. They could be co-housed. They could be integral. One could be inside the other. They could be in separate parts of the fluid line. So the point here is that the fact that the claim construction we urge is broad enough to capture all of those alternative embodiments. The district courts seem to focus on one specific embodiment and say, if this weren't intended to be separate, there would be no need to have a connection between the pump, the controller and the pump, and the controller and the valve. But again, in light of the notice function, the broader interpretation provides that notice by saying, there are many different options. There are many different configurations. On the issue of whether both sides agree on the district court's construction of connected to from the Markman phase, we do not agree that that's the proper claim construction. The point of our brief was that even under that claim construction, we could still prevail. But we believe that the proper construction is, as we cited in our briefing. Thank you, Your Honors. Thank you. We thank both sides. The case is submitted. That concludes our proceedings. All rise.